IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:22-cv-04022-BCW |
| THE STATE OF MISSOURI, *et al.*, | ) | Ruling Requested by March 18, 2022 |
| Defendants. | ) | |

### MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION OF DEFENDANTS' FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS

The State of Missouri respectfully requests that the Court stay the March 21, 2022, deadline to respond to the United States' Motion for Summary Judgment pending resolution of Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See* W.D.Mo. R. 7.0(c)(2) ("For summary judgment motions, a party … has 21 days to file its opposing suggestions."). A stay here would be consistent with "two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998); *see also Ex parte McCardle*, 7 Wall. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

A stay of the summary judgment briefing will also promote judicial economy by ensuring that the Court and the parties are not burdened by unnecessary briefing. Absent extensions, briefing on Defendants' Motion to Dismiss will conclude on April 11, 2022. W.D.Mo. R. 7.0(c)(2)-(3). That's a mere seven (7) days after briefing on Plaintiff's Motion for Summary Judgment will have concluded without any extensions of time. *See id.* There would be no benefit

to proceeding with summary judgment briefing at this time.

The federal government opposes this motion, notwithstanding it has previously and successfully argued that courts "routinely stay consideration of a motion for summary judgment when a motion to dismiss the case is pending, *particularly when jurisdiction has been challenged.*" *Mohn v. United States*, No. 20-771L, 2021 WL 4130757, at *1 (Fed. Cl. Sept. 10, 2021) (emphasis added). Indeed, courts have "agree[d] with the government … that a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits of the case." *De La Cruz Jimenez v. United States*, No. 19-1761C, 2021 WL 303307, at *2 (Fed. Cl. Jan. 28, 2021) (quotation marks omitted).

In light of the government's opposition, expedited consideration of this Motion is respectfully requested because full briefing on it will not be completed until after the deadline to respond to Plaintiff's Motion for Summary Judgment, rendering this Motion moot. The United States does not oppose the State of Missouri's request for expedited consideration, provided that the United States is afforded a reasonable opportunity to respond to the motion. Absent further direction from the Court, the United States will plan to file its opposition by Thursday, March 17.

## ARGUMENT

The Court should exercise its inherent authority to control its docket and stay summary-judgment briefing pending resolution of Defendants' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss. *See, e.g.*, *Curne v. Liberty Mut. Ins. Co.*, No. 4:21-CV-00270-DGK, 2021 WL 2043972, at *1-2 (W.D. Mo. May 21, 2021) (issuing stay pending resolution of "potentially dispositive" motion to dismiss); *Arrowhead Forest Prod., LLC v. Shamrock Bldg. Materials, Inc.*, No. 12-6047-CV-SJ-DW, 2013 WL 12205044, at *1 (W.D. Mo. July 26, 2013) ("[T]he Court stayed briefing on … summary judgment motion once" dismissal motion was filed).

Nothing in Fed. R. Civ. P. 56 requires the parties and the Court to press forward with a summary judgment motion prior to the Court having an opportunity to issue a decision on a pending motion to dismiss alleging jurisdictional defects. In fact, the Advisory Committee notes for Fed. Rule Civ. P. 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case:

> Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

Indeed, Fed. R. Civ. P. 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Wright & Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Fed. R. Civ. P. 12(b) thus "produce[s] an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." *Id.*; *see also Furniture Brands Int'l, Inc. v. US. Int'l Trade Comm'n*, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case.").

For these reasons, the federal government has previously and successfully argued that courts "routinely stay consideration of a motion for summary judgment when a motion to dismiss the case is pending, particularly when jurisdiction has been challenged." *Mohn*, 2021 WL 4130757, at *1 (granting government's motion to stay summary judgment briefing "[b]ecause a determination of the jurisdictional questions could obviate the need to address the merits").

That makes sense. Staying briefing on the merits of Plaintiff's summary judgment motion

pending briefing on the Court's jurisdiction is consistent with "two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits." *Steel Co.*, 523 U.S. at 98. That's because it is well established that, "[w]ithout jurisdiction[,]" the Court "cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. at 514. For that reason, courts have "agree[d] with the government … that a court must satisfy itself that it has jurisdiction to hear and decide a case *before proceeding to the merits of the case*." *De La Cruz Jimenez*, 2021 WL 303307, at *2 (emphasis added) (quotation marks omitted).

The federal government should not be permitted to preempt the State's rights under Rule 12 by filing a premature summary judgment motion. Should this Court enter a decision on Defendants' pending Motion to Dismiss under Rule 12(b)(1) in the State's favor, the need for briefing on Plaintiff's Summary Judgment Motion would be obviated. *Accord Robinson v. McNeese*, No. 5:20-CV-00160-TES, 2020 WL 6081893, at *3 (M.D. Ga. Oct. 15, 2020) ("[I]f the Court dismisses the claims asserted against Defendants …, then Plaintiff's pending partial summary judgment motions would be moot."). Even if Plaintiff's Complaint is not dismissed in its entirety, a decision on the Motion to Dismiss could narrow the case and claims. Further, as is explained in the State's pending Motion to Dismiss, Plaintiff's Complaint suffers from numerous jurisdictional defects. Because these jurisdictional issues remain unresolved, there has been no case development. Therefore, briefing on Plaintiff's Summary Judgment Motion would be premature at this time. The State of Missouri accordingly requests that the Court order that summary judgment briefing be stayed pending resolution of Defendants' Motion to Dismiss under Rule 12(b)(1).

The United States will not be prejudiced by a stay. The federal government had no apparent interest in challenging the Second Amendment Preservation Act, Mo. Rev. Stat. §§ 1.410-.485, until shortly after the Missouri Supreme Court heard oral argument on February 7, 2022, in *City of St. Louis v. State*, No. SC99290, where the Department of Justice participated as *amicus curiae*. That was well after the government began participating as *amicus curiae* at the Missouri trial level. Filing suit 182 days after such participation strongly suggests the federal government's interests in this case are not urgent enough to warrant expeditious consideration by this Court. *See, e.g.*, 11A Wright & Miller, Fed. Prac. & Proc. § 2948.1 (3d ed.) ("A long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm [is] not … serious enough" in considering equitable relief). To be sure, the government may claim deferred consideration of the merits in its summary judgment motion will be prejudicial. But it is settled that "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013).

Given that the federal government's response to this motion is due March 28, 2022 under the local rules—i.e., seven (7) days *after* the State's deadline to file a response to Plaintiff's Summary Judgment Motion—the State respectfully requests expedited consideration of this Motion. Expedited consideration here is warranted under the Court's well-established "inherent authority" to manage its docket "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). The United States does not oppose the State of Missouri's request for expedited consideration, provided that the United States is afforded a reasonable opportunity to respond to the motion. Absent further direction from the Court, the United States will plan to file its opposition by Thursday, March 17.

Alternatively, the State respectfully requests an interim order holding the summary judgment briefing in abeyance until this motion is decided. Should this Motion or Defendants' Motion to Dismiss be denied, the State respectfully requests fourteen (14) days from the date of an order on either motion, whichever is issued first, to confer with the United States and file a proposed litigation and summary judgment briefing schedule.

## CONCLUSION

The Court should grant this motion and stay briefing of Plaintiff's Motion for Summary Judgment pending resolution of Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1).

Respectfully Submitted,

**ERIC S. SCHMITT**
Attorney General of Missouri

/s/ *Jesus A. Osete*
D. JOHN SAUER, #58721
  *Solicitor General*

JESUS A. OSETE, #69267
  *Deputy Attorney General*

Office of the Attorney General
Supreme Court Building
P.O. Box 899
207 W. High St.
Jefferson City, MO 65102
Tel: (573) 751-1800
Facsimile: (573) 751-0774
E-mail: Jesus.Osete@ago.mo.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the Court's electronic filing system, to be served on all counsel of record.

/s/ *Jesus A. Osete*
Deputy Attorney General

*Counsel for Defendants*
