# EXHIBIT A

FIRST REGULAR SESSION

[TRULY AGREED TO AND FINALLY PASSED]

SENATE SUBSTITUTE FOR

SENATE COMMITTEE SUBSTITUTE FOR

HOUSE COMMITTEE SUBSTITUTE FOR

# HOUSE BILL NOS. 85 & 310

## 101ST GENERAL ASSEMBLY

0767S.10T                                         2021

## AN ACT

To repeal section 1.320, RSMo, and to enact in lieu thereof nine new sections relating to the sole purpose of adding additional protections to the right to bear arms, with penalty provisions and an emergency clause.

*Be it enacted by the General Assembly of the state of Missouri, as follows:*

Section A.  Section 1.320, RSMo, is repealed and nine new sections enacted in lieu thereof, to be known as sections 1.410, 1.420, 1.430, 1.440, 1.450, 1.460, 1.470, 1.480, and 1.485, to read as follows:

**1.410. 1. Sections 1.410 to 1.485 shall be known and may be cited as the "Second Amendment Preservation Act".**

**2. The general assembly finds and declares that:**

**(1) The general assembly of the state of Missouri is firmly resolved to support and defend the Constitution of the United States against every aggression, whether foreign or domestic, and is duty-bound to oppose every infraction of those principles that constitute the basis of the union of the states because only a faithful observance of those principles can secure the union's existence and the public happiness;**

**(2) Acting through the Constitution of the United States, the people of the several states created the federal government to be their agent in the exercise of a few defined powers, while reserving for the state governments the power to legislate on matters concerning the lives, liberties, and properties of citizens in the ordinary course of affairs;**

EXPLANATION — Matter enclosed in bold-faced brackets [thus] in the above bill is not enacted and is intended to be omitted from the law. Matter in **bold-face** type in the above bill is proposed language.

**(3) The limitation of the federal government's power is affirmed under Amendment X of the Constitution of the United States, which defines the total scope of federal powers as being those that have been delegated by the people of the several states to the federal government and all powers not delegated to the federal government in the Constitution of the United States are reserved to the states respectively or the people themselves;**

**(4) If the federal government assumes powers that the people did not grant it in the Constitution of the United States, its acts are unauthoritative, void, and of no force;**

**(5) The several states of the United States respect the proper role of the federal government but reject the proposition that such respect requires unlimited submission. If the federal government, created by a compact among the states, were the exclusive or final judge of the extent of the powers granted to it by the states through the Constitution of the United States, the federal government's discretion, and not the Constitution of the United States, would necessarily become the measure of those powers. To the contrary, as in all other cases of compacts among powers having no common judge, each party has an equal right to judge for itself as to whether infractions of the compact have occurred, as well as to determine the mode and measure of redress. Although the several states have granted supremacy to laws and treaties made under the powers granted in the Constitution of the United States, such supremacy does not extend to various federal statutes, executive orders, administrative orders, court orders, rules, regulations, or other actions that collect data or restrict or prohibit the manufacture, ownership, or use of firearms, firearm accessories, or ammunition exclusively within the borders of Missouri; such statutes, executive orders, administrative orders, court orders, rules, regulations, and other actions exceed the powers granted to the federal government except to the extent they are necessary and proper for governing and regulating the United States Armed Forces or for organizing, arming, and disciplining militia forces actively employed in the service of the United States Armed Forces;**

**(6) The people of the several states have given Congress the power "to regulate commerce with foreign nations, and among the several states", but "regulating commerce" does not include the power to limit citizens' right to keep and bear arms in defense of their families, neighbors, persons, or property nor to dictate what sorts of arms and accessories law-abiding Missourians may buy, sell, exchange, or otherwise possess within the borders of this state;**

**(7) The people of the several states have also granted Congress the powers "to lay and collect taxes, duties, imports, and excises, to pay the debts, and provide for the common defense and general welfare of the United States" and "to make all laws which shall be necessary and proper for carrying into execution the powers vested by the**

**Constitution of the United States in the government of the United States, or in any department or office thereof". These constitutional provisions merely identify the means by which the federal government may execute its limited powers and shall not be construed to grant unlimited power because to do so would be to destroy the carefully constructed equilibrium between the federal and state governments. Consequently, the general assembly rejects any claim that the taxing and spending powers of Congress may be used to diminish in any way the right of the people to keep and bear arms;**

**(8) The general assembly finds that the federal excise tax rate on arms and ammunition in effect prior to January 1, 2021, which funds programs under the Wildlife Restoration Act, does not have a chilling effect on the purchase or ownership of such arms and ammunition;**

**(9) The people of Missouri have vested the general assembly with the authority to regulate the manufacture, possession, exchange, and use of firearms within the borders of this state, subject only to the limits imposed by Amendment II of the Constitution of the United States and the Constitution of Missouri; and**

**(10) The general assembly of the state of Missouri strongly promotes responsible gun ownership, including parental supervision of minors in the proper use, storage, and ownership of all firearms; the prompt reporting of stolen firearms; and the proper enforcement of all state gun laws. The general assembly of the state of Missouri hereby condemns any unlawful transfer of firearms and the use of any firearm in any criminal or unlawful activity.**

**1.420. The following federal acts, laws, executive orders, administrative orders, rules, and regulations shall be considered infringements on the people's right to keep and bear arms, as guaranteed by Amendment II of the Constitution of the United States and Article I, Section 23 of the Constitution of Missouri, within the borders of this state including, but not limited to:**

**(1) Any tax, levy, fee, or stamp imposed on firearms, firearm accessories, or ammunition not common to all other goods and services and that might reasonably be expected to create a chilling effect on the purchase or ownership of those items by law-abiding citizens;**

**(2) Any registration or tracking of firearms, firearm accessories, or ammunition;**

**(3) Any registration or tracking of the ownership of firearms, firearm accessories, or ammunition;**

**(4) Any act forbidding the possession, ownership, use, or transfer of a firearm, firearm accessory, or ammunition by law-abiding citizens; and**

**(5) Any act ordering the confiscation of firearms, firearm accessories, or ammunition from law-abiding citizens.**

**1.430. All federal acts, laws, executive orders, administrative orders, rules, and regulations, regardless of whether they were enacted before or after the provisions of sections 1.410 to 1.485, that infringe on the people's right to keep and bear arms as guaranteed by the Second Amendment to the Constitution of the United States and Article I, Section 23 of the Constitution of Missouri shall be invalid to this state, shall not be recognized by this state, shall be specifically rejected by this state, and shall not be enforced by this state.**

**1.440. It shall be the duty of the courts and law enforcement agencies of this state to protect the rights of law-abiding citizens to keep and bear arms within the borders of this state and to protect these rights from the infringements defined under section 1.420.**

**1.450. No entity or person, including any public officer or employee of this state or any political subdivision of this state, shall have the authority to enforce or attempt to enforce any federal acts, laws, executive orders, administrative orders, rules, regulations, statutes, or ordinances infringing on the right to keep and bear arms as described under section 1.420. Nothing in sections 1.410 to 1.480 shall be construed to prohibit Missouri officials from accepting aid from federal officials in an effort to enforce Missouri laws.**

**1.460. 1. Any political subdivision or law enforcement agency that employs a law enforcement officer who acts knowingly, as defined under section 562.016, to violate the provisions of section 1.450 or otherwise knowingly deprives a citizen of Missouri of the rights or privileges ensured by Amendment II of the Constitution of the United States or Article I, Section 23 of the Constitution of Missouri while acting under the color of any state or federal law shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress, and subject to a civil penalty of fifty thousand dollars per occurrence. Any person injured under this section shall have standing to pursue an action for injunctive relief in the circuit court of the county in which the action allegedly occurred or in the circuit court of Cole County with respect to the actions of such individual. The court shall hold a hearing on the motion for temporary restraining order and preliminary injunction within thirty days of service of the petition.**

**2. In such actions, the court may award the prevailing party, other than the state of Missouri or any political subdivision of the state, reasonable attorney's fees and costs.**

**3. Sovereign immunity shall not be an affirmative defense in any action pursuant to this section.**

**1.470. 1. Any political subdivision or law enforcement agency that knowingly employs an individual acting or who previously acted as an official, agent, employee, or**

**deputy of the government of the United States, or otherwise acted under the color of federal law within the borders of this state, who has knowingly, as defined under section 562.016, after the adoption of this section:**

**(1) Enforced or attempted to enforce any of the infringements identified in section 1.420; or**

**(2) Given material aid and support to the efforts of another who enforces or attempts to enforce any of the infringements identified in section 1.420;**

**shall be subject to a civil penalty of fifty thousand dollars per employee hired by the political subdivision or law enforcement agency. Any person residing in a jurisdiction who believes that an individual has taken action that would violate the provisions of this section shall have standing to pursue an action.**

**2. Any person residing or conducting business in a jurisdiction who believes that an individual has taken action that would violate the provisions of this section shall have standing to pursue an action for injunctive relief in the circuit court of the county in which the action allegedly occurred or in the circuit court of Cole County with respect to the actions of such individual. The court shall hold a hearing on the motion for a temporary restraining order and preliminary injunction within thirty days of service of the petition.**

**3. In such actions, the court may award the prevailing party, other than the state of Missouri or any political subdivision of the state, reasonable attorney's fees and costs.**

**4. Sovereign immunity shall not be an affirmative defense in any action pursuant to this section.**

**1.480. 1. For sections 1.410 to 1.485, the term "law-abiding citizen" shall mean a person who is not otherwise precluded under state law from possessing a firearm and shall not be construed to include anyone who is not legally present in the United States or the state of Missouri.**

**2. For the purposes of sections 1.410 to 1.480, "material aid and support" shall include voluntarily giving or allowing others to make use of lodging; communications equipment or services, including social media accounts; facilities; weapons; personnel; transportation; clothing; or other physical assets. Material aid and support shall not include giving or allowing the use of medicine or other materials necessary to treat physical injuries, nor shall the term include any assistance provided to help persons escape a serious, present risk of life-threatening injury.**

**3. It shall not be considered a violation of sections 1.410 to 1.480 to provide material aid to federal officials who are in pursuit of a suspect when there is a demonstrable**

**criminal nexus with another state or country and such suspect is either not a citizen of this state or is not present in this state.**

**4. It shall not be considered a violation of sections 1.410 to 1.480 to provide material aid to federal prosecution for:**

**(1) Felony crimes against a person when such prosecution includes weapons violations substantially similar to those found in chapter 570 or chapter 571 so long as such weapons violations are merely ancillary to such prosecution; or**

**(2) Class A or class B felony violations substantially similar to those found in chapter 579 when such prosecution includes weapons violations substantially similar to those found in chapter 570 or chapter 571 so long as such weapons violations are merely ancillary to such prosecution.**

**5. The provisions of sections 1.410 to 1.485 shall be applicable to offenses occurring on or after August 28, 2021.**

**1.485. If any provision of sections 1.410 to 1.485 or the application thereof to any person or circumstance is held invalid, such determination shall not affect the provisions or applications of sections 1.410 to 1.485 that may be given effect without the invalid provision or application, and the provisions of sections 1.410 to 1.485 are severable.**

> **[**~~1.320. The general assembly of the state of Missouri strongly promotes responsible gun ownership, including parental supervision of minors in the proper use, storage, and ownership of all firearms, the prompt reporting of stolen firearms, and the proper enforcement of all state gun laws. The general assembly of the state of Missouri hereby condemns any unlawful transfer of firearms and the use of any firearm in any criminal or unlawful activity.~~**]**

Section B. Because immediate action is necessary to ensure the limitation of the federal government's power and to protect the citizens' right to bear arms, section A of this act is deemed necessary for the immediate preservation of the public health, welfare, peace, and safety, and is hereby declared to be an emergency act within the meaning of the constitution, and section A of this act shall be in full force and effect upon its passage and approval.

✓