UNITED STATES OF AMERICA,    )
        )
        Plaintiff,    )
        )
        v.    )    Case No. 2:22-cv-4022-BCW
        )
THE STATE OF MISSOURI *et al.*,    )
        )
        Defendants.    )
_____)

# Exhibit A:

Filings from *City of St. Louis v. State of Missouri, No. 21AC-CC00237 (Mo. Circ. Ct., Cole Cty.)*

| Filing | Pages |
|---|---|
| Amended Petition | 2-16 |
| Answer | 17-28 |
| Judgment of Dismissal | 29-30 |

MISSOURI CIRCUIT COURT
NINETEENTH CIRCUIT
(Cole County)

| | | |
|---|---|---|
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ST. LOUIS COUNTY, | ) | |
| | ) | |
| And | ) | |
| | ) | No. 21AC-CC00237 |
| JACKSON COUNTY, | ) | Div. II |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED PETITION FOR DECLARATORY JUDGMENT AND INJUNCTION**

**INTRODUCTION**

Pursuant to Mo.R.Ct. 55.33(a), plaintiffs herewith file their amended petition and allege as follows:

A recently enacted Missouri law, formerly known as HB 85 and HB 310 (collectively "HB 85"), was adopted as the latest step in ongoing efforts to nullify federal gun laws. HB 85, however, is unconstitutional under the United States and Missouri constitutions.

This Petition for Declaratory Judgement and injunctive relief does not to ask the Court to infringe upon any constitutionally guaranteed right of law-abiding individuals, including the right to bear arms; rather, the Plaintiffs ask the Court to recognize that HB 85 infringes upon the constitutional rights guaranteed by both the Missouri and United

States' constitutions and curtail law enforcement officers' ability to investigate, apprehend and prosecute criminals.

There can be little doubt that those who enacted HB 85 recognized the constitutional infirmities contained therein, as Governor Parson's spokesperson stated, "The Governor is aware of the legal implications of this bill.[1]" Governor Parson stated at the signing of the bill ceremony, after stating that this will stop people like Vice President Kamala Harris from coming to the front door of Missourians and taking their guns, that "The purpose of the bill is to stand up to the Federal government.[2]"

The political rhetoric clouding the constitutional infirmities of HB 85 were addressed by the Missouri Sheriffs' Association in its released statement against HB 85, assuring its constituency that this opposition is not about infringing upon anyone's right to bear arms further stating, "This disingenuous and misleading campaign is unjustified and is intended to cause undue alarm for our constituents.[3]"

Further, HB 85 will chill law enforcement officers from protecting the communities in which they serve and will deter individuals from a career in law enforcement. Since its enactment, at least one police chief has publicly indicated his recent resignation is based on passage of HB 85 and stated,

> This vague language will create a flood of weaponized litigation that will chill the legitimate peacekeeping duties of police…This will decrease public safety and increase frivolous lawsuits designed to harass and penalize good, hard-working law enforcement agencies. Highly effective partnerships between local and federal law enforcement agencies will have to be reevaluated.[4]

---

[1] https://www.stltoday.com/news/local/crime-and-courts/parson-will-sign-second-amendment-bill-declaring-federal-gun-laws-invalid-in-missouri/article_de8df2f8-5d00-50a9-91ef-6dbacb523d6a.html
[2] https://www.ky3.com/2021/06/12/gov-parson-expected-sign-hb-85-into-law-creating-second-amendment-preservation-act-missouri/
[3] https://www.northwestmoinfo.com/local-commentary/missouri-sheriffs-association-missouri-sheriffs-united-preserving-the-right-to-bear-arms/
[4] https://www.stltoday.com/news/local/crime-and-courts/ofallon-mo-police-chief-resigns-cites-gov-parsons-attempt-to-invalidate-federal-gun-laws/article_719572b7-2fac-5bd0-986f-54db3596fa9d.html

As Missouri House Minority Leader Crystal Quade (D-Springfield) stated on June 11 2021[5]:

> [House Bill 85] is a radical, dangerous and obviously unconstitutional attempt to declare that Missouri will refuse to follow federal gun laws. When people are looking for real solutions on crime, policing and public safety, Governor Parson and the Republican legislature have instead chosen to preserve Missouri's growing reputation for extremist and dangerous laws. The new law even allows criminals who violate federal gun law to sue our local law enforcement officers for a minimum $50,000 fine if they in any way assist with federal investigations. It quite literally defunds the police and gives that taxpayer money to convicted criminals… [HB 85 is] unconstitutional and this Court should declare [it] so.

HB 85 violates the United States Constitution's Supremacy Clause, which provides that federal law preempts state law. History has tested the Supremacy Clause and passed judgment on past generations' nullification attempts. And the courts have consistently emphasized that states do not have the power to nullify federal laws.

HB 85 also violates the Missouri Constitution in several respects. For example, the state legislature does not have the power to usurp the powers and authorities that the Missouri Constitution grants charter cities and counties. HB 85 has other elementary flaws: HB 85 does not contain a single subject; as enacted, it does not have clear title; it violates the original purpose; it exceeds the limitation on introduction of bills; it creates special laws; and it impose an emergency clause not supported by facts stating an actual emergency. HB 85 also infringes upon the separation of powers of the branches of state government.

In misguided zeal to prevent imaginary threats to the right to keep and bear arms, the political branches in our state government blatantly violated the federal and state

---

[5] https://www.fourstateshomepage.com/news/politics/second-amendment-preservation-act-governor-parson-to-sign-hb-85-into-law/ and https://www.ky3.com/2021/06/12/gov-parson-expected-sign-hb-85-into-law-creating-second-amendment-preservation-act-missouri/

constitutions by attempting to nullify federal gun laws. The consequences of HB 85 are tangible and real: they will make it easier for criminals to use guns in committing violent acts, they will give gun violence a safe haven in Missouri, and local governments like the plaintiffs may be disqualified from receiving federal grants and technical assistance through the United States Department of Justice. It is up to this Court to declare HB 85 unconstitutional. It should do so now.

## PARTIES

1.      Plaintiff City of St. Louis is a constitutional charter city organized and existing under law.

2.      Plaintiff St. Louis County, Missouri is a constitutional charter county organized and existing under law.

3.      Plaintiff Jackson County, Missouri, is a constitutional charter county organized and existing under law.

4.      Defendant State of Missouri, is a political body organized and existing under the Missouri Constitution and the United States Constitution, acting by and through the General Assembly and Governor, and enacts and enforces statutes of the State.

5.      Defendant Hon. Eric Schmitt is the Attorney General of Missouri and represents the State of Missouri in actions against it. He is amenable to service under Rule 87.04.

## JURISDICTION AND VENUE

6.  This court has jurisdiction and venue is proper pursuant to Sections 478.070 RSMo and 527.010-.130 RSMo. The Attorney General's office is located in Cole County and the capital for the state of Missouri is located in Cole County.

**STANDING**

7.     Plaintiffs have standing to proceed as they have legally protectable interests in the outcome of this action in that they employ and hire law enforcement officers who regularly enforce federal gun laws, and therefore are at risk of civil penalty for dutiful performance of their jobs under HB 85. Additionally, Plaintiffs will incur substantial cost in reviewing, and drafting and realigning ordinances, regulations, forms, and other documents or procedures as may be required under the unlawful HB 85 as enacted.

8.     HB 85 creates a justiciable controversy that presents a real, substantial, presently-existing controversy as to which specific relief is sought that is ripe for judicial determination.  Further, there is no adequate remedy available at law, and Plaintiffs will suffer irreparable harm because HB 85 contained an invalid Emergency Clause, thereby immediately impacting thousands of employees in law enforcement whose duties to enforce state and federal gun laws will be adverse, and whose employment and livelihoods may be at risk due to the unlawful civil penalties attached to performance of those duties. Further, not only will plaintiffs be required to substantially modify ordinances, rules regulations and permit practices to meet these unlawful mandates, but public safety of plaintiffs' constituents will be at risk if forced to disregard Federal gun laws currently in place. Additionally, if enforced, Plaintiffs will be restrained from exercising their constitutional rights derived from their status as charter forms of government because of the prohibition of hiring certain individuals and setting forth the terms and conditions of the employment of said individuals.

**GENERAL ALLEGATIONS**

9.      HB 85 as enacted generally addresses a wide-ranging variety of topics, including: (1) Rejection of Federalism and unconstitutional disregard for the Supremacy clause;  (2) Unlawful encouragement to disregard and invalidate Federal law; (3) Misapplication of the Commerce Clause; (4) Misapplication of the Federal government's taxing powers; (5) Unconstitutional, ambiguous and unlimited rejection of all federal law, acts, executive orders, administrative orders, rules and regulations affecting the Second Amendment to the US Constitution; (6) Rejecting all federal taxing authority that affects purchase or ownership of guns; registering or tracking of guns, ammunition and accessories; registering or tracking of ownership of same; possessing, ownership, use, transfer of same; confiscating of same; (7) Disregard for separation of powers by imposing duties upon the judicial branch; (8) Invalidating Plaintiffs' autonomy as granted to them under the Missouri Constitution regarding employment of law enforcement personnel and duties, and attempting to impose unconstitutional penalties upon said employees and Plaintiffs; (9) Unlawfully abrogating sovereign immunity as an affirmative defense; (10) Unconstitutional invalidation of multiple criminal laws, procedures, rules, regulations and protocols instituted by the Federal government, State of Missouri and Plaintiffs herein; (11) Misuse of the Emergency Clause.

10.      Despite the unconstitutionality of HB 85 as enacted, The Governor signed HB 85 on 6/14/21. It was effective immediately and will stay in effect if not enjoined.

## COUNT I

## DECLARATORY JUDGMENT THAT HB 85  (SECTION 1.410) VIOLATES THE MISSOURI CONSTITUTION, AND FOR INJUNCTION AND OTHER RELIEF

11.     Plaintiffs adopt and incorporate Paragraphs 1-10 as similarly numbered herein.

12.     During the legislative session in 2021, the General Assembly enacted HB 85, to be known and cited as "Second Amendment Preservation Act."  A copy of said HB 85 as enacted is attached hereto as Exhibit A, and incorporated herein by reference.   HB 85 has been signed by the Governor and filed with the Secretary of State.  The law contains an emergency clause and is therefore now in force.

13.     HB 85, at §1.420, declares certain federal statutes and regulations to be unconstitutional as violative of the Second Amendment to the United States Constitution and Mo.Const. art. I, §23, but, on information and belief, no federal or state court has declared any such regulations to be unconstitutional.

14.     HB 85 further provides at §1.450:  "No entity or person, including any public officer or employee of this state or any political subdivision of this state, shall have the authority to enforce or attempt to enforce any federal acts, laws, executive orders, administrative orders, rules, regulations, statutes, or ordinances infringing on the right to keep and bear arms as described under section 1.420."

15.     Because §1.420 of HB 85 does not identify specific statutes, executive orders, rules or regulations that are deemed unconstitutional, but rather describe the subject matter of such statutes, executive orders, rules and regulations, plaintiffs are in doubt concerning their rights, duties and liabilities under HB 85 with respect to what federal statutes, executive orders, rules or regulations may not be enforced.

16.     HB 85 further provides at §1.460 that any political subdivision that employs a law enforcement officer who knowingly violates §1.450 shall be liable to an

7

"injured party in an action at law, suit in equity, or other proper proceeding for redress, and subject to a civil penalty of fifty thousand dollars per occurrence."  Because §1.420, and therefore §1.450, are vague and indefinite, plaintiffs are in doubt concerning their potential liability under §1.460, and also concerning their other rights, duties and liabilities under HB 85 in that regard.  Further, plaintiffs employ law enforcement officers who are temporarily assigned to assist federal law enforcement officers in enforcing federal and state laws.  Plaintiffs are in doubt concerning their rights, duties and liabilities under HB 85 in that regard.

17.     Plaintiffs have charter forms of government, and as such are subject to Article VI, Sec. 18(b), 19(a) and 31.  Section 18(b) requires specific provisions for "…the numbers, kinds, [and] manner of selection…of the county officers, and for the exercise of all powers and duties of county officers prescribed by the constitution and laws of the state."  Sections 19(a) and 31 similarly provide direct grants of authority to constitutional charter cities to exercise powers and duties with regard to municipal affairs.

18.      As to charter cities, the Mo. Const. Art. VI Sec. 22 provides that:

> No Law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter…

19.     Further, Mo. Const. Art. VI Sec. 18(e) states:

> [No] law shall provide for any other office or employee of the county or fix the salary of any of its officers or employees.

20.     HB 85 further provide at §1.470 that any political subdivision that knowingly employs an individual who is acting or has acted as an official, agent, employee, or deputy of the government of the United States, who, after adoption of the section has knowingly enforced or attempted to enforce statutes, executive orders, rules

or regulations declared unconstitutional in §1.420, shall be subject to a civil penalty of $50,000 per employee so hired by the political subdivision. Because §1.420 is vague and indefinite regarding what statutes, executive orders, rules or regulations cannot be enforced, plaintiffs are in doubt concerning their rights, duties and liabilities under §1.470.

21.     Under the Declaratory Judgment Act, §527.020, RSMo, any person whose rights, status or other legal relations are affected by a statute, may have determined any question of construction or validity arising under the statute, and obtain a declaration of rights, status or other legal relations thereunder.

22.     Plaintiffs have employed and continue to employ law enforcement officers who have or will, in the discharge of their official duties, undertake at times to enforce the provisions of federal law regarding firearms registration, possession and transfer. Plaintiffs and their employees are therefore at risk of civil penalties and other liabilities by reason of HB 85.

23.     The plaintiffs' claim for declaratory relief concerning HB 85 is appropriate and ripe for judicial resolution, in that it is a real, substantial and presently existing controversy, and plaintiffs have no adequate alternative remedy. The Court therefore has authority under §§527.010 et seq. to declare the rights and status of the parties and to determine the question of statutory construction presented herein.

24.     Further, the Supremacy Clause of the Constitution of the United States provides in pertinent part: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges

in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

25.     The Missouri Constitution, article II, §1 provides:  "The powers of government shall be divided into three distinct departments—the legislative, executive and judicial—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted."

26.     By reason of the constitutional provisions quoted  above, the General Assembly lacks authority to declare any federal acts, laws, executive orders, administrative orders, rules, regulations, statutes, or ordinances to be unconstitutional.

27.     Further, by reason of the charter status of each plaintiff, and the constitutional provisions related to charter governments, the General Assembly lacks authority to regulate and prohibit the hiring of certain individuals.

28.     There is a ripe and justiciable controversy subsisting between plaintiffs and the State of Missouri, because plaintiffs' rights, status and legal relations are currently subject to the terms of HB 85, in that plaintiffs are at risk of liability thereunder on account of activities of law enforcement officers in their employ, as same violates the charter city and county provisions under Missouri Constitution, and there is a real and subsisting controversy between plaintiffs and the State of Missouri regarding the validity of HB 85.

29.     Further, HB 85 violates multiple procedural enactment provisions including: Special Law; Single Subject; Clear Title; Original Purpose and Limitation on

Introduction of HB 85 procedural in violation of the Missouri Constitution. Specifically, HB 85 was enacted in the form of "SENATE SUBSTITUTE FOR SENATE COMMITTEE SUBSTITUTE FOR HOUSE COMMITTEE SUBSTITUTE FOR HB 85 NOS. 85 & 310". See Ex, A hereto. However, HB 85 and 310, as originally introduced, describe their purpose as to enact sections "relating to additional protections to the right to bear arms."  The title of the original HB 85 and the enacted HB 85 conveys no hint regarding limitations on the authority of political subdivisions to hire police officers or to enter into cooperative agreements with federal law enforcement agencies, nor is there any indication of the creation of the causes of action or penalties imposed on political subdivisions or police officers employed by them.  Similarly, by combining limitations on the authority of political subdivisions and their police officer employees with the creation of special causes of action and declarations of nullity of federal laws, HB 85 as enacted contain multiple subjects having nothing to do with the purpose stated in the title.

30.     The effect of HB 85 on Plaintiffs and operation of their law enforcement departments and staff are innumerable, and almost assuredly disastrous. Some of the many issues include:

A. In Missouri, all firearm transfers by licensed dealers are processed directly through the National Instant Criminal Background Check System. If an applicant fails the National Instant Criminal Background Check System, there are no reporting requirements regarding the failure. Thus, the City of St. Louis has enacted Ordinance 71041 to complement Federal law by creating reporting requirements for those instances. HB 85 appears to preclude enforcement of that

Electronically Filed - Cole Circuit - July 15, 2021 - 02:19 PM

ordinance, in derogation of the authority of Plaintiff City under Mo. Const. art. VI, Sec. 19(a).

B. Plaintiffs City and Counties also participate in the National Integrated Ballistic Information Network ("NIBIN"), which contributes to the solution of crimes and apprehensions of criminals as a result of seizures of firearms and subsequent ballistic testing. The current legislation appears to preclude continued use of NIBIN.

C. Plaintiff City's Division of Police and Plaintiff St. Louis County's Department of Police,  are parties to various agreements with federal law enforcement agencies and participates in joint task forces with federal law enforcement officers.  Under such arrangements, City and County police officers may assist in arrests that involve federal and state gun law violations.  As enacted, the legislation appears to preclude such cooperative ventures except to the extent state law parallels federal law with regard to firearms. For example, (Organized Crime Drug Enforcement Task Force (OCDETF) Gateway Strikeforce and the ATF Strikeforce work with County and City law enforcement, respectively, to reduce violent crime in neighborhoods.  Inability to participate in such joint ventures with federal officers will harm law enforcement activities, reduce public safety and leave law enforcement officers adrift as to whether to carry out their duties at risk of significant financial penalty as to serious crimes involving gun violence.

D.  Police Officers employed by St. Louis County are scheduled to testify in various criminal cases in federal court involving gun laws in the foreseeable future. Their ability to continue their support, investigation and testimony in such

proceedings is unknown as a result of the law.  In order to protect those officers

and Plaintiffs herein, the court must step in to protect their interests immediately.

E.  Jackson County employs approximately 87 law enforcement officers who

regularly enforce federal gun laws, and therefore Jackson County is at risk of civil

penalty for upholding the laws of the United States. Jackson County also has

deputy sheriffs who work with task forces and federal agencies that enforce

federal gun laws; those agencies provide benefits to Jackson County and these

employees.

31.  Additionally, the legislature would not have passed HB 85 without the

unconstitutional provisions, and said provisions are essential to the efficacy of the law

and therefore not severable.

Wherefore, Plaintiffs request this Court:

1.  Declare HB 85 as enacted to be unconstitutional for the following reasons:

   a.  HB 85 contains multiple subjects, in violation of Article III, Section 23 of

       the Missouri Constitution;

   b.  The multiple subjects contained in HB 85 are not clearly expressed in its

       title, in violation of Article III, Section 23 of the Missouri Constitution;

   c.  HB 85 was amended in such a way as changed its original purpose, in

       violation of Article III, Section 21 of the Missouri Constitution;

2.  Declare HB 85 and Section 1.410 RSMo to be an unconstitutional Special Law

    that grants special privileges to gun owners to be free from federal laws regarding

    firearms without substantial justification in violation of Missouri Constitution

    Article III Sec. 40(28).

3. Declare HB 85 and Section 1.410 to be unconstitutional, in violation of charter county and city provisions regarding employment, hiring and prescribing the duties of law enforcement as granted to Plaintiffs under Mo. Const. Art VI, Sections 18(b), 18(e), 22 31.

4. Declare HB 85 and Section 1.410 unconstitutional in violation of the Supremacy Clause of Art. VI of the US constitution, and separation of powers set forth in Mo. Const. Art. II, sec.1.

5. Grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement or application of the unconstitutional laws.

6. Award Plaintiffs their attorney fees and costs herein.

And for any further relief the Court deems just and proper.

Respectfully Submitted,

**BETH ORWICK**
**COUNTY COUNSELOR**

By:___/s/Heidi L. Leopold_____
Heidi L. Leopold #40473
Associate  County Counselor
Office of the St. Louis County Counselor
41 S. Central Avenue, Ninth Floor
Clayton, MO. 63105
(314)615-7042;(314)615-3732 fax
hleopold@stlouiscountymo.gov
**Attorneys for Plaintiff St. Louis County**

**MATT MOAK**
**CITY COUNSELOR**

Michael A. Garvin
Deputy City Counselor #39817
By:___/s/Robert H. Dierker_____
Robert H. Dierker #23671

Electronically Filed - Cole Circuit - July 15, 2021 - 02:19 PM

Associate City Counselor
314 City Hall
1200 Market Street
St. Louis, MO. 63103
dierker@stloui-mo.gov
(314)622-3361;(314)622-4956 fax

**Attorneys for Plaintiff City of St. Louis**

**BRYAN COVINSKY**
**JACKSON COUNTY COUNSELOR**

By /s/ Dawn J Diel
Dawn J. Diel, MO #64811
Chief Deputy County Counselor
Jackson County Courthouse
415 E. 12th Street, Suite 200
Kansas City, Missouri 64106
(816) 881-3811 FAX 881-3398
ddiel@jacksongov.org

**Attorneys for Plaintiff Jackson County**

Certificate of Service

The undersigned counsel certifies that a copy of the foregoing was served on counsel of record for all parties on this 15 day of July, 2021, by means of the Court's electronic filing system.

/s/Robert H. Dierker MBE 23671

# IN THE CIRCUIT COURT OF COLE COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| CITY OF ST. LOUIS, *et al.*,     ) | |
|       ) | |
| Plaintiffs,     ) | |
|       ) | |
| v.     ) | Case No. 21AC-CC00237 |
|       ) | |
| STATE OF MISSOURI, *et al.*,     ) | |
|       ) | |
| Defendants.     ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION

Defendants, by and through counsel, hereby respond to the First Amended Petition. Any allegations not expressly admitted are denied. Defendants respond as follows:

## INTRODUCTION

Plaintiffs' unnumbered paragraphs at the outset of the First Amended Petition do not comply with Rule 55.11 ("All averments of claim ... shall be made in numbered paragraphs[.]") and, therefore, no response is required. Further, these paragraphs consist of evaluative statements, arguments, and legal conclusions to which no response is required. *Cf.* Rule 55.09 ("Specific averments in a pleading to which no responsive pleading is required shall be taken as denied."). To the extent any response is required, Defendants deny these averments, including footnotes. Defendants specifically deny that Plaintiffs are entitled to any relief discussed in the final paragraph of their "introduction," or to any relief whatsoever.

## PARTIES

1. Defendants admit the allegations in Paragraph 1 of the First Amended Petition.

2.    Defendants admit the allegations in Paragraph 2 of the First Amended Petition.

3.    Defendants admit the allegations in Paragraph 3 of the First Amended Petition.

4.    Defendants admit the allegations in Paragraph 4 of the First Amended Petition.

5.    Defendants admit the allegations in Paragraph 5 of the First Amended Petition.

**JURISDICTION AND VENUE**

6.    Defendants admit the allegations in Paragraph 6 of the First Amended Petition.

**STANDING**

7.    Paragraph 7 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny them.

8.    Paragraph 8 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, deny them.

## GENERAL ALLEGATIONS

9.      Paragraph 9 asserts legal conclusions to which no response is required. HB 85 speaks for itself, and Defendants deny any characterization of it.

10.     Paragraph 10 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants admit that the Governor of Missouri signed HB 85 on June 14, 2021, but deny all other allegations in Paragraph 10.

## COUNT I

11.     Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.

12.     Defendants answer that there is no Exhibit A attached to the First Amended Petition.   In any event, HB85 speaks for itself.   Defendants deny any characterization of it.   As to the remaining allegations, Defendants admit that the General Assembly enacted HB85, the Governor signed it, and it has been filed with the Secretary of State.

13.     HB85 speaks for itself.   Defendants deny any characterization of it. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, deny them.

14.     HB85 speaks for itself.   Defendants deny any characterization of it.

15.     HB85 speaks for itself.   Defendants deny any characterization of it. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, deny them.

3

16.     Paragraph 16 asserts legal conclusions to which no response is required. To the extent any response is required, HB85 speaks for itself. Defendants deny any characterization of it. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, deny them.

17.     Article VI of the Missouri Constitution speaks for itself. Defendants deny any characterization of it.

18.     Article VI of the Missouri Constitution speaks for itself. Defendants deny any characterization of it.

19.     Article VI of the Missouri Constitution speaks for itself. Defendants deny any characterization of it.

20.     Paragraph 20 asserts legal conclusions to which no response is required. To the extent any response is required, HB85 speaks for itself. Defendants deny any characterization of it. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, deny them.

21.     Section § 527.020 speaks for itself. Defendants deny any characterization of it.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, deny them.

23.     Paragraph 23 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 23.

4

24.    The Supremacy Clause of the United States Constitution speaks for itself. Defendants deny any characterization of it.

25.    Article II of the Missouri Constitution speaks for itself.  Defendants deny any characterization of it.

26.    Paragraph 26 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 26.

27.    Paragraph 27 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 27.

28.    Paragraph 28 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 28.

29.    Paragraph 29 asserts legal conclusions to which no response is required. The versions of HB 85 and 310 introduced during the legislative process speak for themselves, and Defendants deny any characterization of them.  To the extent any further response is required, Defendants deny the allegations set forth in Paragraph 29.

30.    Paragraph 30 asserts legal conclusions regarding the predicted legal effect of HB 85 on certain activities of Plaintiffs, to which no response is required.  HB 85 speaks for itself, and Defendants deny any characterization of it.  To the extent any response is required to the allegations in Paragraph 30, Defendants are without

5

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30—including subparagraphs A.-E.—and, therefore, deny them.

31. Paragraph 31 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 31. Defendants specifically deny that the provisions of HB 85 are not severable.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in the First Amended Petition, including in each of the sections 1-6 of the Petition's prayer for relief and in each of their numbered subparts, and respectfully request that the Court enter judgment in Defendants' favor and against Plaintiffs.

## DEFENSES AND AFFIRMATIVE DEFENSES

The following defenses and affirmative defenses to the First Amended Petition warrant a judgment in Defendants' favor and against Plaintiffs:

1. Count I of the First Amended Petition fails to plead—and cannot prove—a justiciable controversy ripe for adjudication. *Schweich v. Nixon*, 408 S.W.3d 769, 773–74 (Mo. banc 2013) (per curiam) (for declaratory relief, there must be a "controversy … ripe for judicial determination"). Indeed, Plaintiffs have failed (1) to identify a single attempt by the State to enforce (or threaten to enforce) HB85, (2) to present, much less "fully develop[,]" the "facts necessary to adjudicate" their claims, and (3) to identify a single, "immediate, concrete dispute" where HB85 has actually affected Plaintiffs' operations. *Alpert v. State*, 543 S.W.3d 589, 593 (Mo. banc 2018). Nor could they; any violation of HB85 wouldn't become ripe for enforcement until August 28, 2021.

6

*See* Joint Mot. to Continue ("The parties are in agreement that, properly construed, the provisions of Sections 1.450 - 1.470 of HB 85 that impose legal penalties for specific actions will not have operative effect until August 28, 2021.").  To the extent Plaintiffs claim that an enforcement action *may* come in an unspecified future date, "[d]eclaratory judgments are not available to adjudicate hypothetical or speculative situations that may never come to pass." *Schweich*, 408 S.W.3d at 778; *accord Geier v. Missouri Ethics Comm'n*, 474 S.W.3d 560, 569 (Mo. banc 2015) (claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all") (citations omitted).  Because Plaintiffs' request for declaratory relief corresponds to their request for injunctive relief, the foregoing reasons alone warrant judgment in Defendants' favor. *See Schweich*, 408 S.W.3d at 779 ("While the lack of … ripeness does not implicate the merits …, it does preclude [declaratory] relief[.]"); *see also Kohner Properties, Inc. v. Johnson*, 553 S.W.3d 280, 287 n.5 (Mo. banc 2018) (per curiam) (courts "will avoid deciding a constitutional question if the case can be resolved fully without reaching it") (citation omitted).

2.     Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because HB 85 does not violate Article III, Section 23 of the Missouri Constitution, in that the provisions of HB 85 "fairly relate to, have a natural connection with, or are a means to accomplish the subject of the legislation as expressed in its title." *Accord Missouri Roundtable for Life, Inc. v. State*, 396 S.W.3d 348, 351 (Mo. banc 2013) (per curiam); *see also Calzone v. Interim Comm'r of Dep't of Elementary & Secondary Educ.*, 584 S.W.3d 310, 321 (Mo. banc 2019) (the "test for determining whether a bill violates the single subject requirement of article

7

III, section 23, has remained virtually the same since 1869") (citation omitted). Therefore, HB 85 does not violate the single-subject requirement of Article III, Section 23.

3.     Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because HB 85 does not violate Article III, Section 23 of the Missouri Constitution, in that the legislation's title is not "so restrictive and underinclusive that some of the provisions of the bill fall outside its scope[,]" nor is the subject expressed in the title "so broad and amorphous in scope that it fails to give notice of its content[.]" *Home Builders Ass'n of Greater St. Louis v. State*, 75 S.W.3d 267, 270 (Mo. banc 2002); *see Missouri Coal. for Env't v. State*, 593 S.W.3d 534, 541 (Mo. banc 2020) ("The test for whether a title is clear is simply whether it indicates generally the subject of the bill."). Therefore, HB 85 does not violate the clear-title requirement of Article III, Section 23.

4.     Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because HB 85 does not violate Article III, Section 21 of the Missouri Constitution, in that Plaintiffs' First Amended Petition was not accompanied by a copy of HB 85 as originally introduced in the General Assembly and a final, truly-agreed version of the bill. That alone is fatal. *See Missouri Coal. for Env't*, 593 S.W.3d at 542–43 ("The Court compares the purpose of the bill as first introduced with the bill as finally passed."). Plaintiffs also fail to plead what amendment, if any, made during the course of legislative process changed the original purpose of HB 85. Even if Plaintiffs could point to such an amendment, it is nonetheless passes muster under the "germaneness test." *See Trenton Farms RE, LLC v. Hickory*

8

*Neighbors United, Inc.*, 603 S.W.3d 286, 294–95 (Mo. banc 2020); *see also Missouri Coal. for Env't*, 593 S.W.3d at 543 (courts "rarely … invalidate[] legislation based upon an original purpose challenge") (citation omitted). Therefore, HB 85 does not violate the original-purpose requirement of Article III, Section 21.

5.      Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because HB 85 is not a "special law" that violates Article III, Section 40(28) of the Missouri Constitution. HB 85, which is presumptively constitutional, readily satisfies rational-basis review, because it provides important protections for the exercise of a fundamental right that receives the highest level of protection under the Missouri Constitution. *City of Aurora v. Spectra Commc'ns Grp., LLC*, 592 S.W.3d 764, 780–81 (Mo. banc 2019) ("Under rational basis review, this Court will uphold a statute if it finds a reasonably conceivable state of facts that provide a rational basis for the classifications.") (citation omitted).

6.      Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because nothing in the text of Sections 18(b), 18(e), 22, and 31 of Article VI of the Missouri Constitution creates a right of action. *Cf. Am. Eagle Waste Indus., LLC v. St. Louis Cty.*, 379 S.W.3d 813, 830 (Mo. banc 2012) (per curiam). And implying a right of action is unwarranted given that charter counties are legal subdivisions of the State and thus must act "in harmony with the general law where it touches upon matters of state policy." *Missouri Bankers Ass'n, Inc. v. St. Louis Cty.*, 448 S.W.3d 267, 272 (Mo. banc 2014) (citation omitted); *see also City of Springfield v. Goff*, 918 S.W.2d 786, 789 (Mo. banc 1996) ("[T]he General

9

Assembly may … limit the powers a charter city may exercise through its officers."); *id.* ("A charter provision that conflicts with a state statute is void.").

7.      Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because the Supremacy Clause, in and of itself, does not confer a private right of action on Plaintiffs. Missouri courts are bound by decisions of the United States Supreme Court on questions of federal law. *Rodgers v. Danforth*, 486 S.W.2d 258, 259 (Mo. banc 1972). And the Supreme Court has held that the Supremacy Clause is not the " 'source of any federal rights,' " and certainly does not create a cause of action. Nothing in the Clause's text suggests otherwise, and no history nor prior precedents suggest it was ever understood as conferring a private right of action. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–27 (2015).

8.      Count I of the First Amended Petition fails to state a plausible claim for relief, and fails on the merits as a matter of law, because the Supremacy Clause "says nothing about whether state executive officers must administer federal law." *Printz v. United States*, 521 U.S. 898, 928–29 (1997). HB 85 is merely a manifestation of bedrock principles of federalism. *See id. at* 912 ("[S]tate legislatures are *not* subject to federal direction."); *id.* at 925 ("[T]he Federal Government may not compel the States to implement, by legislation or executive action, federal regulatory programs."). It is, therefore, a proper exercise of the legislative power pursuant to Article II, Section 1 of the Missouri Constitution that does not interfere with the powers vested in the executive and judicial branches.

9.      Count I of the First Amended Petition fails to plead—and Plaintiffs cannot prove—irreparable harm to justify injunctive relief for the same reasons it fails to

10

plead—and Plaintiffs cannot prove—a justiciable controversy ripe for adjudication. *Rebman v. Parson*, 576 S.W.3d 605, 611 (Mo. banc 2019).

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity.

11.     Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendants specifically reserve the right to amend their Answer to the First Amended Petition to include additional affirmative defenses at the time they are discovered.

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment in Defendants' favor and against Plaintiffs, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**ERIC S. SCHMITT**

Attorney General of Missouri

/s/ *Jesus A. Osete*
D. JOHN SAUER, #58721
JESUS A. OSETE, #69267
Office of the Attorney General
Supreme Court Building
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax (573) 751-0774
John.Sauer@ago.mo.gov
Jesus.Osete@ago.mo.gov
*Counsel for Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2021, the foregoing was filed through the

Missouri Case.net e-filing system, which will send notice to all counsel of record.

/s/    *Jesus A. Osete*
Deputy Solicitor General

*Counsel for Defendants*

12

# IN THE CIRCUIT COURT OF COLE COUNTY
## STATE OF MISSOURI

CITY OF ST. LOUIS;                    )
                                      )
ST. LOUIS COUNTY;                     )
                                      )
and                                   )
                                      )
JACKSON COUNTY,                       )
                                      )
            Plaintiffs,               )
                                      )
    v.                                )
                                      )   Case No. 21AC-CC00237
STATE OF MISSOURI;                    )
                                      )
and                                   )
                                      )
ERIC SCHMITT,                         )
Attorney General of Missouri          )
                                      )
            Defendants.               )

## FINAL JUDGMENT

This case involves the validity of the Second Amendment Preservation Act ("SAPA"), H.B. 85 & 310, 101st Gen. Assemb., 1st Reg. Sess. (Mo. 2021), which was passed by the Missouri General Assembly in May and signed by the Governor of Missouri in June.

Before the Court is the City of St. Louis, St. Louis County, and Jackson County's ("Plaintiffs") Motion for a Preliminary Injunction, and the State's Motion for Judgment on the Pleadings. The parties agree that the provisions of Sections 1.450 - 1.470 of SAPA that impose legal penalties for specific actions will not have operative effect until August 28, 2021.

Having fully considered the parties' pleadings, and written and oral arguments, the Court will grant the State's motion for judgment on the pleadings.

Declaratory relief requires a justiciable controversy, which includes the absence of an adequate remedy at law. *Accord Schweich v. Nixon*, 408 S.W.3d 769, 773–74 (Mo. banc 2013) (per curiam); *Foster v. State*, 352 S.W.3d 357, 359–60 (Mo. banc 2011); *Missouri Health Care Ass'n v. Attorney General*, 953 S.W.2d 617, 620 (Mo. banc 1997). Thus, if Plaintiffs have an adequate remedy at law, then the Court cannot issue declaratory relief. *See id.* Plaintiffs directed this Court to at least two pending cases filed against them under this statute, however, "[W]here [the] alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." *Am. Family Mut. Ins. Co. v. Nigl,* 123 S.W.3d 297, 302 (Mo.App. 2003). The constitutional issues raised in this matter should be litigated (if at all) by each plaintiff in each separate case.

Since the Court concludes that Plaintiffs have an adequate remedy at law, *see Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011), the Court declines to issue the declaratory relief Plaintiffs request in the First Amended Petition.

Plaintiffs' request for declaratory relief is denied. Any and all other claims for relief not expressly ruled on above are denied. In light of this disposition, the Court also denies Plaintiffs' request for a preliminary injunction as moot. *See, e.g., State ex rel. Hawley v. Heagney*, 523 S.W.3d 447, 450 (Mo. banc 2017) (per curiam).

So Ordered.

Date: 8/27/21

_____
Hon. Daniel R. Green, Circuit Judge

2