IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-4022-BCW |
| ) | |
| THE STATE OF MISSOURI *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER

Plaintiff, the United States of America, and Defendants—the State of Missouri, the Governor of Missouri in his official capacity, and the Attorney General in his official capacity—by and through their counsel, conducted a Federal Rule of Civil Procedure 26(f) conference on March 31, 2022, consistent with the Scheduling Order previously entered in this case. *See* ECF No. 12. Based on this conference, the parties jointly submit this report, and propose the following schedule to the Court.

**I.  PROPOSED SCHEDULE**

**A.  Pleadings**

Plaintiff does not anticipate a need to join additional parties and/or amend the pleadings. However, given Defendants' arguments in connection with their Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), ECF No. 13—contending, among other things, that Plaintiff has not sued a state official with responsibility for implementing or enforcing H.B. 85, the state statute challenged in this case—Plaintiff wishes to preserve its ability to seek to join additional parties and/or amend the pleadings to the extent the Court's ruling on Defendants' motion to dismiss determines that additional parties are necessary. Accordingly, Plaintiff proposes that the deadline for joining

1

additional parties and/or amending the pleadings be June 17, 2022, or within 14 days of the Court's resolution of Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), ECF No. 13, whichever is later. Defendants do not oppose this deadline. Accordingly, the parties jointly propose:

1. Any motion to join additional parties shall be filed on or before June 17, 2022, or within 14 days of the Court's resolution of Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), ECF No. 13, whichever is later.

2. Any motion to amend the pleadings shall be filed on or before June 17, 2022, or within 14 days of the Court's resolution of Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), ECF No. 13, whichever is later.

**B. Discovery**

1. The parties will make Rule 26(a)(1) initial disclosures on or before April 14, 2022.

2. The parties discussed the areas of anticipated discovery and disagree on whether discovery should be initially stayed. Each party's respective position is summarized below:

> a. Plaintiff has challenged the validity of H.B. 85, a Missouri statute purporting to nullify certain federal firearm laws. Plaintiff's position is that H.B. 85 is invalid as a matter of law, and for that reason Plaintiff promptly filed a motion for summary judgment (ECF No. 8), which will be fully briefed by the time of the Scheduling Conference with the Court, currently scheduled for April 26, 2022. Because the validity of H.B. 85 presents a pure question of law, and because the facts relied upon in the United States' motion for summary judgment are not subject to genuine dispute (and any such disputes would not be material to the resolution of this case), Plaintiff believes that discovery is unnecessary, and the most efficient course for both the parties and the Court would be to stay discovery pending resolution of the

United States' motion for summary judgment. The State's preferred approach—of deferring discovery only pending resolution of their motions to dismiss—would be inefficient, because the issues presented in their motions to dismiss overlap significantly with the issues in the United States' motion for summary judgment, as the State itself recognizes, *see* Defs.' Reply on Mots. to Dismiss (ECF No. 39) at 2 n.3, 8 (purporting to "incorporate" arguments made in their summary judgment opposition). And contrary to the State's suggestion, there is no impediment to the Court deciding the United States' motion for summary judgment at this time without discovery, particularly given that the State's opposition did not request deferral of the motion pursuant to the requirements of Rule 56(d). Thus, Defendants respectfully submit the most efficient course would be to stay discovery pending resolution of all three motions (the State's two motions to dismiss, and the United States' motion for summary judgment). Nonetheless, given the disagreement on this issue, Plaintiff also stands ready to proceed with discovery under the terms proposed in this scheduling order.

b. Defendants agree that discovery is unnecessary while their Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6) are pending and would agree to an appropriate extension of the time for discovery until after those motions have been resolved. Defendants' position is that Plaintiff lacks standing, has no cause of action, and fails to state a claim for relief, and thus the Court may dispose of the case in Defendants' favor as a matter of law. Defendants disagree that discovery should be stayed pending the Plaintiff's motion for summary judgment because that motion should be denied or deferred until discovery is complete.

3

Case 2:22-cv-04022-BCW   Document 43   Filed 04/14/22   Page 3 of 7

3. Discovery shall be completed on or before August 1, 2022. This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or Court orders.

**C. Expert Discovery**

The parties do not anticipate the need for expert witness testimony. Nonetheless, the parties jointly propose the following terms:

1. Plaintiff shall designate any expert witnesses it intends to call at trial on or before June 1, 2022, and Defendants shall designate any expert witnesses they intend to call at trial on or before July 1, 2022. Plaintiff shall designate any rebuttal expert witnesses on or before July 15, 2022. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony. This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

2. At the time of designation, the relevant party shall provide the expert's written report and/or other appropriate disclosure, as set forth in Fed. R. Civ. P. 26(a)(2)(B)-(C).

**D. Discovery Motions**

Absent extraordinary circumstances, all discovery motions will be filed on or before August 1, 2022.

**E. Daubert Motions**

All motions to strike expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) shall be filed on or before August 31, 2022.

**F.     Dispositive Motions**

All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before August 31, 2022. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

**G.     Trial Setting**

The parties do not anticipate the need for a trial in this matter, given that the case presents questions of law capable of resolution through dispositive motions. Nonetheless, the parties jointly suggest it would be appropriate to schedule this case for a three day bench trial, commencing on any date after February 27, 2023.

**II.    OTHER RULE 26(f) TOPICS**

In addition to jointly proposing the above schedule, the parties discussed the other topics set forth in Rule 26(f) and report as follows:

1. The parties do not anticipate any issues concerning the disclosure, discovery, or preservation of electronically stored information ("ESI"). The parties agree that any ESI shall be produced in .pdf format and shall be Bates labeled. To the extent production of particular document(s) and/or ESI in .pdf format does not fully capture the relevant information, the requesting party may seek re-production of the document(s) and/or ESI in native format. The parties agree to handle any ESI discovery issues on an ongoing basis, as necessary, based upon the availability and/or existence of ESI, if any. In the event an ESI issue is more complicated than anticipated, the parties will work together to develop and submit for Court approval an ESI protocol.

2. The parties do not anticipate the need for any other changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or any local rule.

3. The parties jointly move the Court for entry of the Court's model Fed. R. Evid. 502(d) Order.[1]

4. The parties agree if a party inadvertently discloses privileged or trial preparation materials, it must notify the requesting party of such disclosure promptly after learning of the inadvertent disclosure. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. Nothing in this paragraph constitutes a waiver of any right by any party to assert privilege and/or work-product protection over the Identified Materials, or to challenge any such assertion. A party's intent to challenge any such assertion, however, does not relieve them of their obligation to return, destroy, and/or delete the Identified Materials prior to the Court's resolution of any such challenge.

5. At this time, the parties do not anticipate the need for a protective order governing the disclosure of confidential or proprietary information. In the event that a protective order is needed, the parties agree to meet and confer and submit a proposed protective order to the Court.

6. The parties will continue to evaluate the necessity of additional orders as the case progresses and will comply with Local Rule 37.1 to the extent any discovery issues require the Court's assistance.

Dated: April 14, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

**ERIC S. SCHMITT**
Attorney General of Missouri

---

[1] https://www.mow.uscourts.gov/sites/mow/files/DC%20Rule%20502%28d%29%20Model%20Order.pdf

BRIAN D. NETTER
Deputy Assistant Attorney General

CRISTEN C. HANDLEY
Counsel, Civil Division

ALEXANDER K. HAAS
Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel
DANIEL RIESS
CASSANDRA M. SNYDER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: 202-305-8693
Fax: 202-616-8460
Email: Daniel.S.Schwei@usdoj.gov

ALAN T. SIMPSON (Mo. Bar 65183)
Assistant United States Attorney
Western District of Missouri
400 East 9th Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Fax: (816) 426-3165
Email: alan.simpson@usdoj.gov

*/s/ D. John Sauer*
D. John Sauer, #58721
 Solicitor General
Jesus A. Osete, #69267
Deputy Attorney General
Office of the Attorney General
Supreme Court Building
P.O. Box 899
207 W. High St.
Jefferson City, MO 65102
Tel: (573) 751-1800
Facsimile: (573) 751-0774
E-mail: john.sauer@ago.mo.gov
*Counsel for Defendants*