IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF MISSOURI *et al.*,<br><br>Defendants. | Case No. 2:22-cv-4022-BCW |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully notifies the Court of the attached decision in *United States v. Washington*, No. 21-404, 2022 WL 2203329 (U.S. June 21, 2022), which supports the United States' authority to bring this suit, as well as the United States' arguments regarding intergovernmental immunity. *See generally* Pl.'s Mot. Summ. J. (ECF No. 8) at 26–29.

The Supreme Court's decision in *Washington* arose from a lawsuit brought by the United States against the State of Washington. *See* 2022 WL 2203329, at *4. The Supreme Court first held that the case was not moot. *Id.* And on the merits, the Court reaffirmed that a state law violates the doctrine of intergovernmental immunity if it "discriminates against the Federal Government or its contractors," which occurs if the law "singles them out for less favorable treatment, or if it regulates them unfavorably on some basis related to their governmental status." *Id.* at *5 (cleaned up). In particular, the Supreme Court considered a state law creating an evidentiary presumption that federal contractors at a particular federal site were injured as a result of their work at the site. *Id.* at *3. The Court explained that the state law "explicitly treats federal workers

1

differently than state or private workers," and "in doing so, the law imposes upon the Federal Government costs that state or private entities do not bear." *Id*. The law therefore violates intergovernmental immunity "by singling out the Federal Government for unfavorable treatment." *Id.*

The holding of *Washington* bears directly on Plaintiff's intergovernmental immunity claim, as well as Plaintiff's standing. Just like the statute at issue in *Washington*, H.B. 85 "discriminates against the Federal Government [and] its contractors" by "singling out the Federal Government for unfavorable treatment" based solely on "governmental status"—*i.e.*, by purporting to nullify federal authority, imposing monetary penalties expressly related to the exercise of only federal authority, and imposing unique hiring disabilities only on those who previously exercised federal authority. *See* H.B. 85 §§ 1.450, 1.460, 1.470. Additionally, as *Washington* confirms, these same harms—"discriminat[ing] against the Federal Government [and] those with whom it deals," *e.g.*, current and former employees and deputized task force officers, *id*. (quoting *North Dakota v. United States*, 495 U.S. 423, 435 (1990))—establish the United States' authority to bring suit.

Dated: June 24, 2022

SAYLER A. FLEMING
United States Attorney
Eastern District of Missouri

TERESA A. MOORE
United States Attorney
Western District of Missouri

 /s/ Alan T. Simpson
ALAN T. SIMPSON (Mo. Bar 65183)
Assistant United States Attorney
Western District of Missouri
400 East 9th Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Fax: (816) 426-3165

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

DANIEL SCHWEI
Special Counsel

/s/ Cassandra Snyder
DANIEL RIESS
CASSANDRA M. SNYDER

Email: alan.simpson@usdoj.gov

Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 451-7729
Fax: (202) 616-8460
Email: cassandra.m.snyder@usdoj.gov